## Case No. 14,772.

UNITED STATES v. CHAFFEE et al.

[2 Bond, 110.] [1]

District Court. S. D. Ohio. Oct. Term, 1867.

CRIMINAL LAW—EVIDENCE—PRESUMPTION OF FRAUD.

It is not competent for the government to prove as a fact from which fraud may be presumed, that the pecuniary circumstances of a distiller were apparently improved while engaged in distilling during a period when such business was not profitable.

This was a suit by the United States, in which a large amount was claimed for unpaid duties on whisky manufactured by defendants [Highland D. Chaffee and others] at Tippecanoe, in Ohio, which it was alleged was sold by them in fraud of the internal revenue laws. A great mass of testimony was introduced, and the case occupied the court and jury for upward of five weeks. The charge of the court was necessarily of great length, and would occupy too much

1 [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

space for a full report. One question arose in the progress of the case believed to be novel in its character, which the reporter thinks it proper to publish. That question was, in substance, whether in a suit charging fraud in a distiller in failing to pay the legal tax on manufactured whisky, it is competent for the government to prove as a fact from which the alleged fraud may be presumed, that the defendants, in a comparatively brief period, while distilling was unprofitable, amassed sufficient wealth to produce a marked change in their pecuniary circumstances. The court overruled the inquiry, and stated the following as the grounds of its decision.

Durbin Ward, Dist. Atty.

Job E. Stevenson and John Dunlevy, for defendants.

LEAVITT, District Judge. This is a new question, so far at least as this court is concerned, and no authorities have been produced which throw any light upon it. The question is asked of the witness upon the stand, whether within a given time stated to him, the business of distilling, honestly conducted, was profitable or otherwise. And the district attorney has stated that this question, if admitted, is to open the door to further investigation in regard to the pecuniary circumstances of these defendants at one period of their lives as compared with their circumstances at another time. And the question is, whether this line of investigation shall be gone into. It is to be observed in the first place, that though this is a case in the name of the government of the United States, the rules of evidence which must control the action of the court and jury are precisely the same as in a controversy between individuals. The government is entitled to no immunity from the operation of principles of law applicable to judicial trial. It is incumbent on the government to substantiate the allegations set forth in the declaration upon which it seeks to hold the parties implicated liable. There are, in the declaration under which this case is proceeding, certain allegations of fraud committed by these defendants, with a view to evade the just payments of duties owing from them as manufacturers of whisky. We have heard much of whisky frauds committed in various parts of the country, and there is no doubt that they have been very extensive, and have operated greatly to the injury of the finances of the government, as well as prejudicially to others who are honestly pursuing that business. These considerations, however, have no relevancy to the strict legal question now propounded to the court. However desirable it may be (and I concur fully with all that is said in regard to the desirableness of exposing these frauds and holding those responsible who have committed them), the rules of evidence, as recognized by courts and applicable to judicial

proceedings, can not be departed from for the purpose of reaching such cases. It is better that parties charged with these frauds should escape than that the well-settled rules of law in regard to judicial trials should be violated. The objection—and as it seems to me a conclusive one—against the investigation proposed is this: that it involves a clear infraction of a rule of evidence applicable to judicial trials, which is that mere collateral issues are to be avoided. And this rule is founded not only on principle, but upon expediency. It must necessarily lead to investigations that would be almost interminable in their duration, if evidence is admitted. outside of the merits of the case, or which, if it bears at all upon the issue, is so remote in its operation that it would be entitled to no weight with the jury. Courts invariably exclude that kind of testimony. Now the objection to going into the inquiry whether these defendants have made money in their distilling operations is that it would lead to collateral investigations which would be without end. In this case there are four individuals charged as implicated in this fraud. The investigation proposed would necessarily lead to an inquiry into the pecuniary concerns and business transactions of each of these four individuals, and it would lead, furthermore, into a general inquiry as to the profits of distilling. This would also necessarily open the door to the examination of all the distillers in this region upon the point whether the business within certain periods. of time was profitable or otherwise. Now, in the view I have suggested, it seems to me that this line of investigation can not be entered upon. It would moreover necessarily lead to the inquiry whether these defendants had other sources of profit arising from other business, or from speculation; whether in fact they had other means of accumulating property independent of their distilling operations. I freely concede to the counsel for the government that there might be indications so clear and so marked, that to a certain extent evidence of this kind might be adduced. These parties, however, are not charged criminally. They are not charged with embezzlement. That crime is where an individual fraudulently and feloniously appropriates property belonging to another to his own use; that is the definition of that offense; but clearly there can be no pretense that that charge is involved as against the defendants. The property in question was theirs, subject, of course, to the claim for the duties and taxes imposed by law; but it was their property, and within their control, under certain statutory limitations, and there can be no pretense of a charge of embezzlement against them. Now, the case referred to by the United States attorney, and of which I have an indistinct recollection, having seen it briefly reported in a paper, I believe, was an indictment against a quartermaster for embezzling the property of the

United States, and appropriating it to his own use and benefit. The district attorney is right in saying that in that case the court before which it was tried admitted evidence to show that this quartermaster had been previously in limited pecuniary circumstances, and that very suddenly his position with regard to pecuniary matters seemed to be changed, and instead of living in an humble, and economical way, the proof was, if I remember right, that he had taken a very expensive house in the city of New York; that it was superbly furnished; that he kept a carriage, and had outriders, and was living in a style altogether beyond the reach of one who received but a limited salary. Under these circumstances it is not strange that the court should have received the testimony upon a charge of embezzlement of public property, but it is quite clear that the principles of that case are not applicable to the present. This is, in form at least, a civil action; and as I observed before, the government is bound to prove the allegations upon which it predicts the charge of fraud. It must furnish data to the jury, by which they can estimate the amount due the government from the defendants charged with having fraudulently reported the amount of whisky they have distilled; and the mere circumstance, if it be true, that these parties have accumulated a fortune within the last few years, seems to me so remote in its bearing upon the issue presented to the jury as to be inadmissible. There is an objection, and a very decided one, to the admission of testimony as to public rumor, in regard to the pecuniary circumstances of these defendants. Public opinion and mere rumors are wholly unreliable as to the pecuniary circumstances of men. There is a very strong tendency in the public mind, for some reason that I can not wholly explain, to overrate the wealth and the pecuniary condition of men in the community; and such testimony, I think, should never go to a jury to establish that fact. Upon the whole, without going further into the consideration of this question, on the ground I have indicated, that it must involve, necessarily, collateral facts and issues not pertaining to the issue upon which the jury are to pass, I consider that the evidence is not admissible.

The general principle on this subject is very clearly stated by Mr. Greenleaf in treating of the admissibility of evidence. He lays it down as a rule that all evidence must be pertinent to the issue; and evidence of collateral facts, which affords no reasonable presumption or inference as to the principal fact or matter in dispute, must be excluded. The principal fact, or matter in dispute here, is the alleged fraud charged against these defendants—that they have been fortunate in their business operations, or otherwise, it seems to me, is so remote from this issue as not to be admitted as evidence.